# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**STEPHEN HARRIS**                                                                                        **PLAINTIFF**

**V.**                                     **NO. 4:09CV072-P-D**

**CHRISTOPHER EPPS, et al.**                                            **DEFENDANTS**

## MEMORANDUM OPINION

The Plaintiff, an inmate in the custody of the Mississippi Department of Corrections, filed this action *pro se* pursuant to 42 U.S.C. § 1983. The Plaintiff is attempting to maintain claims for failure-to-protect and a due process violation. Given the absence of supporting facts in the complaint, the Plaintiff's was given an opportunity to provide additional information that might forestall dismissal. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Despite the warning, the Plaintiff has failed to respond to the court's show cause order.

### Failure to Protect

As to the Plaintiff's potential failure-to-protect claim, it is well settled that "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). A prisoner plaintiff in a case filed under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for physical or emotional damages – regardless of the nature of the claim. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), 42 U.S.C. § 1997e(e). In the absence of an injury, a 1983 action is barred. *Jones v. Greniger*, 188 F.3d 322, 326 (5th Cir. 1999).

The Plaintiff complains that he was attacked by another inmate or inmates but failed to include any specific facts or mention any resultant injury. The Plaintiff was directed to provide information including dates and the names of officers who knew the Plaintiff was at risk of being

attacked along with detailed information regarding the injury or injuries suffered as a result of the attack. The Plaintiff has failed to provide additional details. In light of the deficient complaint particularly the absence of any injury, the Plaintiff cannot maintain a claim for failure-to-protect.

## Due Process

The Plaintiff has also attempted to state a due process claim arising out of the issuance of at least one Rule Violation Report ("RVR"). To invoke the protections of the Due Process Clause, the plaintiff must have a protected liberty interest at stake. Due process requires an inmate facing a disciplinary action be provided: (1) a written notice of the disciplinary action charges; (2) a written statement by the fact finder of the evidence and reasons for the disciplinary action; and (3) an opportunity to present evidence and call witnesses in his defense, if not unduly hazardous to institutional safety or correctional goals. *Wolff v. McDonnell*, 418 U.S. 539, 564-65, 94 S. Ct. 2963. 41 L. Ed. 2d 935 (1974).

Again, the Plaintiff has failed to provide specific facts regarding how the issuance of an RVR violated his right to due process. The Plaintiff was directed to provide facts including dates, times, and individuals involved with each RVR, all information related to the disciplinary hearing for each RVR along with the date and name of the hearing officer. The Plaintiff, however, has failed to provide any additional information. Given the absence of supporting factual allegations, the Plaintiff cannot maintain a claim for a violation of his right to due process.

## Conclusion

In accordance with the screening provisions of 28 U.S.C. § 1915, the Plaintiff has failed to set forth sufficient facts to state a claim. Having been given the opportunity but failed to cure these deficiencies, the complaint must be dismissed. The court's dismissal of the Plaintiff's complaint for

failure to state a claim shall count as a "strike" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Mr. Harris is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

A final judgment in accordance with this opinion will be entered.

THIS the 29th day of September, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE